IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WARNER CONSTRUCTION, INC., THERESE PRIMM, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MORGAN PRIMM, and SCOTT PRIMM, INDIVIDUALLY <br><br> Defendants. | CV 24–85–M–DLC <br><br><br> ORDER |

Before the Court is Defendants Therese and Scott Primms' Motion to Dismiss (Doc. 8) and Plaintiff Associated Insurance Company, Inc.'s ("AIIC") Motion to Take Judicial Notice (Doc. 21). For the reasons set forth below, AIIC's Motion to Take Judicial Notice (Doc. 21) is GRANTED and Primms' Motion to Dismiss is DENIED.

## BACKGROUND

The Primms filed a lawsuit against Warner Construction, Inc. ("Warner") and AIIC in the Montana Eleventh Judicial District Court, Flathead County, Cause No. DV-15-2024-0000693 ("Underlying Litigation"). (Doc. 1 ¶ 5.) In the

1

Underlying Litigation, the Primms alleged that Warner is liable for the injuries to and death of Morgan Primm at a construction site over which Warner allegedly had control. (*Id.* ¶ 6.) The Primms further alleged that they sustained emotional distress as a result of Morgan Primm's injuries and death. (*Id.*) The Primms sought a declaratory judgment in the Underlying Litigation against Warner on the issue of liability. (*Id.* ¶ 14.) In addition, the Primms sought a declaratory judgment that AIIC must defend and indemnify Warner in the Underlying Action and pay damages. (*Id.* ¶¶ 73–87.)

On June 17, 2024, AIIC brought this diversity action seeking a declaratory judgment that it has no duty to defend or indemnify Warner. (Doc. 1.) On July 31, the Primms filed a Motion to Dismiss. (Doc. 8.) Through the Motion, the Primms argue that this Court should decline to exercise jurisdiction and dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) because there are parallel state court proceedings involving the same issues and the same parties. (Doc. 9 at 1, 5.)

On October 7, 2024, Judge Danni Coffman of the Eleventh Judicial District entered an order dismissing the Underlying Litigation ("the Order"), finding that the Primms lacked standing to request a declaratory judgment directing AIIC to defend Warner. (Doc. 21-1 at 5.) As for a duty to indemnify, Judge Coffman stated the following:

2

> The parties have indicated that AIIC has filed a declaratory action in the U.S. District Court for the District of Montana to determine if they have a duty to defend/indemnify Wagner under the insurance contract. It is not clear whether Plaintiffs were aware of this prior to filing their Complaint, but it appears any remaining claim under Count IV would be settled by the final judgment in the federal case. Assuming Plaintiffs knew of this corollary action, the intent behind including Count IV in the Complaint is dubious. If unaware, the argument to now fight against dismissal is spurious. More to the point, the issue is not justiciable as Plaintiffs lack standing.

(*Id.* at 5–6.)

On October 10, 2024, AIIC filed a Motion to Take Judicial Notice. (Doc. 22) Through this Motion, AIIC requested that the Court take judicial notice of the Order in the Underlying Litigation entered by the Montana Eleventh Judicial District. (Doc. 22 at 2.) The Primms did not respond to the Motion; as such, the Court presumes it is well taken. *See* D. Mont. L. R. Civ. 7.1(d)(1)(B)(ii) ("failure to file a response brief may be deemed an admission that the motion is well-taken.").

## DISCUSSION

### I. Motion to Take Judicial Notice

Under Federal Rules of Evidence 201(a) and (b), the Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Relevant to this matter, "[t]he Court 'may take judicial notice of

3

proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at hand.'" *Mont. Pub. Int. Rsch. Grp. v. Jacobsen*, No. CV-23-70-H-BMM, 2024 U.S. Dist. LEXIS 48464, at *2 (D. Mont. Mar. 19, 2024) (citations omitted).

The Court finds that judicial notice of the Order is appropriate. First, the Order is both "generally known within the trial court's territorial jurisdiction." Fed. R. Evid. 201(b). Second, the Order "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), because it was sent by the Clerk of the District Court of Flathead County to counsel for AIIC. (Doc. 21-1 ¶ 2.) In addition, the Order pertains to proceedings that are directly related to this matter. *Mont. Pub. Int. Rsch. Grp,* 2024 U.S. Dist. LEXIS 48464, at *2. As such, AIIC's Motion to Take Judicial Notice is GRANTED.

## II.    Motion to Dismiss

Next, the Court considers Primms' Motion to Dismiss.

A federal court may decline to exercise jurisdiction under the Declaratory Judgment Act under certain circumstances. *See Snodgrass v. Provident Life and Acc. Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998) ("Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise

proper."); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.").

These "prudential concerns" were developed more fully by the Supreme Court, first in *Brillhart v. Excess Ins. Co.*, then in *Wilton v. Seven Falls Co.*, and their progeny. 316 U.S. 491 (1942); 515 U.S. 277 (1995). Taken together, the two Supreme Court cases proscribe circumstances under which a federal court should exercise its jurisdiction. While the Ninth Circuit has added additional considerations, it is the three *Brillhart* factors that remain the "philosophic touchstone" of the *Wilton/Brillhart* analysis. *R.R. St. & Co. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

The *Brillhart* factors instruct a district court to decline jurisdiction (1) to avoid "needless determination of state law issues," (2) discourage "forum shopping," and (3) to avoid "duplicative litigation." *See id.* (citing *Wilton*, 515 U.S. at 289-290). A presumption in favor of dismissal arises when the federal action involves the same issues and parties. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

Here, even if the Court agreed with the Primms that this case will result in a "needless determination of state law issues," the other *Brillhart* factors favor AIIC.

Specifically, the Court finds no evidence to suggest that AIIC has engaged in forum shopping, therefore, the second factor weighs in AIIC's favor. Because there is no longer a parallel matter in state court the third factor also weighs in AIIC's favor. As such, the Court sees no reason to decline jurisdiction over this matter. Primms' Motion to Dismiss is DENIED.

## CONCLUSION

In light of the Order dismissing the Underlying Litigation between Primm and AIIC, the Court's exercise of jurisdiction over this matter is appropriate.

Accordingly, IT IS ORDERED that AIIC's Motion to take Judicial Notice (Doc. 21) is GRANTED.

IT IS FURTHER ORDERED that Primms' Motion to Dismiss (Doc. 8) is DENIED.

DATED this 28th day of October, 2024.

_____
Dana L. Christensen, District Judge
United States District Court